IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DANYELL MICHELLE ROBERTS,
      Petitioner,

v.                           Case No. 5:24cv214/TKW/MAL

WARDEN GABBY,
FCI MARIANNA
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before me upon referral by the Clerk after Petitioner failed to respond to an Order to Show Cause regarding the filing of a properly completed and signed § 2241 form and the provision of necessary service copies.

Petitioner Danyell Roberts initiated this case by filing an unsigned, unsworn petition for writ of habeas corpus under 28 U.S.C. § 2241, and a "Motion in Support of Title 28 U.S.C. Section 2241 for Habeas Corpus Petition" which was dated September 10, 2024. ECF Nos. 2, 3. She paid the $5.00 filing fee.

On November 7, 2024, the undersigned entered an order directing Petitioner to submit an amended § 2241 petition and two service copies thereof, along with an additional service copy of her previously submitted memorandum. ECF No. 6. Petitioner was instructed to comply or before December 9, 2024, and she was warned

that failure to timely comply with an order of the court would result in a recommendation that this case be dismissed. Petitioner did not respond.

On December 27, 2024, the Court issued an order directing Petitioner to show cause why this case should not be dismissed due to Petitioner's failure to comply with or respond to the previous order. ECF No. 7. The show cause response was due by January 10, 2025. Petitioner was again warned that failure to comply would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner still has not responded. She has filed nothing since her original submissions.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1.    Petitioner's petition under 28 U.S.C. § 2241, ECF No. 2, be **DISMISSED** without prejudice.

2.    The clerk be directed to close the case file.

DONE on January 28, 2025.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.